## In re NICE & SCHREIBER.

### (District Court, E. D. Pennsylvania. July 24, 1903.)

### No. 1,658.

1. BANKRUPTCY—TRUSTEE—APPOINTMENT—VOTE OF CREDITORS—ADJOURNMENT OF MEETING.

   Bankr. Act July 1, 1898, §§ 44a, 56a, c. 541, 30 Stat. 558, 560 [U. S. Comp. St. 1901, pp. 3438, 3442], provide that the creditors shall appoint a trustee at the first meeting by a majority vote in number and amount of all whose claims have been allowed and are present. Held, that creditors present at the meeting did not exhaust their right to select a trustee by a single ineffectual vote, but that they were entitled to a reasonable adjournment of such meeting in order that an agreement might be reached.

2. SAME.

   A request that the referee adjourn the meeting for 24 hours for such purpose was reasonable, and it was, therefore, error for him to refuse such request, and appoint a trustee of his own selection.

In Bankruptcy.

Henry N. Wessel, for creditors.
J. Wilson Bayard, for trustee.

J. B. McPHERSON, District Judge. At the first meeting before the referee 27 creditors of the bankrupts, a majority in number, voted in favor of one person for trustee, and 4 creditors, a majority in amount, voted for another person. In consequence of this diversity of choice, there was no election, and the creditors thereupon unanimously asked the referee to adjourn the meeting for 24 hours, in the hope that an agreement might be reached in the interval. The referee declined to grant the request, holding that the right of the creditors had been exhausted by the ineffectual vote, and appointed a trustee

of his own selection. This action has been certified for review, and presents a question that, so far as I am able to discover, has not yet been distinctly decided.

It seems to me, however, that decision upon the foregoing facts should not be difficult. Sections 44a and 56a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 558, 560 [U. S. Comp. St. 1901, pp. 3438, 3442]) provide that the creditors shall appoint a trustee at the first meeting by a majority vote in number and amount of all whose claims have been allowed and are present, but I do not find in the act any express provision, or any implication, that the first meeting may not be continued by proper and reasonable adjournments, or that the creditors are to be confined to only one vote in the election of a trustee. On the contrary, as it seems to me, the spirit of the act is in favor of giving the creditors every reasonable opportunity to exercise their undoubted power to choose. They are often widely scattered, without previous knowledge of each other (except, perhaps, to a limited extent), and without having had the opportunity of conference. They come together for the first time at the initial meeting before the referee, and are then called upon to discharge the very important duty of choosing a trustee. When the further requirement of the act is considered, that a majority both in number and amount must agree upon the same person, it is not to be wondered at that failures to elect on the first vote are not infrequent. Of course, if the creditors are content with this result, and without objection permit the referee to appoint, no fault can be found with such appointment; but when, as in the present case, they unanimously ask for a reasonable postponement in order that they may have an opportunity to compose their differences, if that be possible, I think they are entitled to the delay. And, in my opinion, the same consideration should be paid to a similar request by a majority in both number and amount. The creditors have the right to administer what is practically their own property by a proper trustee of their own choosing, and they should have such time as may be reasonable to see if they cannot get together upon so vital a subject. What deference, if any, should be paid by the referee to a request for delay made by less than a majority in both number and amount is a matter for future consideration, and need not be decided. Neither can it be decided now, nor at any other time, what would be, in all cases, a reasonable delay. "Reasonable" is a relative term, and the facts of the particular controversy must be considered before the question can be determined. In the case now before me 24 hours was certainly a proper postponement, and the request of the creditors should have been granted.

The appointment of the trustee is set aside, and the referee is directed to hold an election to fill the vacancy, upon proper notice, to the creditors.