In re KELLAR et al.

In re CLAY.

(Circuit Court of Appeals, First Circuit. January 26, 1912.)

No. 940.

1. BANKRUPTCY (§ 126*)—"TRUSTEE"—SELECTION—POWER OF REFEREE.
   One elected to be trustee in bankruptcy does not become a "trustee" in fact until approval by the referee or judge of the selection; and General Order xiii (89 Fed. vii, 32 C. C. A. xvii), which makes a trustee removable by a judge only, does not prevent an appointment by the referee, on his disapproval of the creditors' choice and their neglect or refusal to make another choice.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 126.*
   For other definitions, see Words and Phrases, vol. 8, pp. 7128–7133, 7822.]

2. BANKRUPTCY (§ 126*)—TRUSTEE—APPOINTMENT—REVIEW.
   In reviewing an order of a referee in bankruptcy as to a trustee selected by the creditors, the District Judge is not confined to the referee's certificate. and can, under Bankr. Act July 1, 1898, c. 541, § 2 (10), 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421), consider any point presented by the record.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 126.*]

3. BANKRUPTCY (§ 120*)—TRUSTEE—DISQUALIFICATIONS.
   A referee in bankruptcy properly refused to approve selection of bankrupt's common-law assignee as trustee, the assignment being the act of bankruptcy relied on by the petitioning creditors, and the assignee hav-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing an unsettled account and a claim for his services; and it was proper to disapprove selection of a member of a law firm which appeared before the referee as the assignee's counsel.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 185; Dec. Dig. § 120.*]

Petition to Revise Proceedings of the District Court of the United States for the District of Massachusetts.

In the matter of Ira M. Clay, bankrupt. Petition by George K. Kellar and others to review the appointment of a trustee. Petition dismissed, and appointment affirmed.

Oscar Storer (Stebbins, Storer & Burbank, on the brief), for petitioners.

Albert S. Woodman (William C. Rogers, Robert T. Whitehouse, and Woodman & Whitehouse, on the brief), for respondent.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This is a petition of George K. Kellar and others, to revise in matter of law the proceedings of the District Court in reference to the appointment of William C. Rogers as trustee.

By decree of April 3, 1911, the District Judge affirmed the order of the referee appointing William C. Rogers trustee.

The order of the referee stated that at the adjourned first meeting of creditors the majority "made a choice of a trustee of said bankrupt's estate, who was declared incompetent, and, there being no other choice, therefore I do appoint William C. Rogers," etc., "as trustee," etc.

The certificate of the referee to the judge contained the following statement:

"On the 10th day of March, at an adjourned first meeting of creditors, a vote was presented by a majority in value and number of creditors for one Joseph C. Atkinson; but, upon objections by various other creditors, I refused, for reasons which appeared to me good and sufficient, to approve said choice of creditors. I thereupon gave Mr. Storer, counsel for the creditors voting for Mr. Atkinson, and all other creditors present, represented by William B. Sullivan, Esq., Howard Stockton, Jr., Arthur F. Breed, Esq., W. V. Taylor, Esq., Julius Nelson, Esq., and John M. Kendricksen, Esq., an opportunity to agree upon a trustee. After a conference was held, Mr. Storer suggested the name of his partner, Charles H. Stebbins, Esq., who was also objected to, and which suggestion, therefore, I rejected, for the reasons governing me in my action in relation to Mr. Atkinson; and, no other vote having been presented, I thereupon appointed William C. Rogers, Esq., trustee, who qualified on the following day.

"On March 13, 1911, three days after the time for voting had expired, to which time the meeting had not been adjourned, an alleged vote was filed in behalf of Mr. Stebbins. I am of the opinion, therefore, that there is no order or refusal to approve of the referee on record from which these petitioners are entitled to a review; Mr. Atkinson having appeared before me and stated that he desired no action taken on any petition for review in his behalf."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

We do not find it necessary to pass upon the question of the sufficiency of this certificate alone to justify the District Court in affirming the referee's order appointing Mr. Rogers as trustee, since the case was disposed of by the District Judge upon matters of record which supply any deficiencies in the referee's certificate.

[1] The petitioner contends that under the provision of General Order xiii (89 Fed. vii, 32 C. C. A. xvii) the trustee "shall be removable by the judge only"; the referee has no power except to approve or disapprove and report to the judge; that if creditors insist upon their choice he is without power to order a new election when he disapproves the creditors' appointment, no matter how good his reasons for disapproving may be.

In re Hare (D. C.) 119 Fed. 246, seems to give support to the petitioner's contention. We cannot, however, assent to the proposition that a trustee-elect is a trustee in fact, without the approval of referee or judge, but are of the opinion that until such approval there is still a vacancy in the office of trustee. In re Lewensohn (D. C.) 98 Fed. 576.

The contention that the referee's disapproval of the creditors' choice is in effect a removal of a trustee is, in our opinion, erroneous. The disapproval brings upon the record the failure of a condition precedent that must be met before the office of trustee is filled. The limitation of the power of removal to the judge is applicable only when the trustee has been elected and approved, and is inapplicable to a person who has not received an appointment evidenced by record of approval as well as of election by the creditors.

We are of the opinion that no restriction can be found, in the provision that a trustee "shall be removable by the judge only," of the right of the referee, upon his disapproval of a first choice of creditors, to call for another choice, and to appoint in case the creditors neglect or refuse to make such choice.

We are of the opinion that the appointment of Mr. Rogers by the referee, approved by the District Judge, should not be vacated by reason of any lack of legal authority of the referee to make an appointment, upon the neglect or failure of the creditors to choose a person approved by the referee.

[2, 3] The only objection to this appointment that needs further consideration is that there was error in not appointing a person chosen by the creditors.

While the referee's certificate set forth no reasons for his disapproval, the District Judge, in reviewing his order, was not confined to this certificate, and was at liberty under section 2 (10) to consider any point presented by the record. In re Pettingill & Co., 137 Fed. 840, 70 C. C. A. 338 (C. C. A., 1st Circuit); In re Samuel Wilde's Sons, 144 Fed. 972, 75 C. C. A. 601 (C. C. A., 2d Circuit); Collier on Bankruptcy (8th Ed.) p. 505.

The facts disclosed by the record afford a sufficient ground to justify the disapproval of the creditors' first choice, Mr. Atkinson. Briefly stated, they are as follows: The creditors' petition alleges as the only act of bankruptcy a common-law assignment to Mr. At-

kinson. Mr. Atkinson was the bankrupt's assignee, and from an account filed by him, and then still unsettled, it appears that he had conducted the bankrupt's business from January 28, 1911, to February 25, 1911. It further appears that he asked the allowance of fees for his services as assignee, and that his appointment was objected to by creditors. The question of the value of his services to the bankrupt's estate was still open, and the matter of allowances dependent upon this question. Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165.

We think these facts alone are sufficient to justify the disapproval of Mr. Atkinson as trustee. The affirmation of the referee's order by the District Judge upon such facts was the proper exercise of a judicial discretion, and was not error in point of law.

The petitioner urges that an assignee selected by the bankrupt is not necessarily and at all events disqualified to become a trustee in bankruptcy, citing In re Blue Ridge Packing Co. (D. C.) 125 Fed. 619, and contends that, unless something else appears, his appointment should be approved, even if objected to by a minority of creditors.

While the fact that the person chosen by the creditors is the bankrupt's assignee, whose accounts are unsettled, may not amount to an absolute disqualification in point of law, and while the choice of such person by creditors, under special circumstances, may be properly approved by the referee or judge, we are of the opinion that no special or additional circumstances are necessary to justify the disapproval of an assignee who is accountable to the bankrupt's estate.

There is both a practical and a legal presumption against the propriety of such an appointment, for the reason that as assignee he is an accounting party to the estate, and as trustee will have to investigate his own account. In Williams on Bankruptcy (9th Ed.) p. 85, it is said:

"It is a good objection that the trustee is an accounting party to the estate, and will as trustee have to investigate his own account."

The brief of the trustee cites in support of his contention upon this point: Remington on Bankruptcy, § 889; Stuyvesant Bank, 6 N. B. R. 272, Fed. Cas. No. 13,581; Williams on Bankruptcy (9th Ed., 1908) 85; Baldwin on Bankruptcy (10th Ed., 1910) 196; Griffith's Law of Bankruptcy (1867) 829; In re Mardon, 1 Q. B. (1896) 140; In re Martin, 21 Q. B. D. 29; In re Stovold, 6 Morrell's Bankruptcy Reports, 7; Ex parte Mendell, 4 Deacon & Chitty's Eng. Bank. Rep. 725; McFarlane v. Grieve, 10 Murray & Young, 551.

It is further urged that, even if the disapproval of Mr. Atkinson's appointment was justified, the referee erred in himself appointing Mr. Rogers, but should have appointed Mr. Stebbins. The record before us is insufficient to show the election of Mr. Stebbins by the creditors. But, aside from this, we agree with the conclusion of the District Judge that the referee was justified in declining to approve the selection of any member of a law firm which had recently appeared before the referee as Mr. Atkinson's counsel in a matter involving Mr.

Atkinson's doings as assignee. The objections to Mr. Atkinson were equally applicable to his counsel and to the law partner of his counsel.

As the record fails to show that the creditors were deprived of a reasonable opportunity to make a further choice of a trustee, after the disapproval of Mr. Atkinson and the rejection of the suggestion of Mr. Stebbins, and as there was no claim that any other vote was desired or requested, we are of the opinion that the District Court was right in finding the referee justified in holding that after reasonable opportunity the creditors had failed to elect, and in himself appointing Mr. Rogers.

Let there be a decree dismissing the petition for review and affirming the order of the District Court, with costs for the trustee in this court.