### In re E. A. WALKER & CO.

#### (District Court, N. D. Alabama, E. D. March 26, 1913.)

#### No. 529.

BANKRUPTCY (§ 122*)—CREDITORS' MEETING—ELECTION OF TRUSTEE—MAJORITY CREDITORS—RIGHT TO VOTE—IMPROPER REPRESENTATION.

Where at a creditors' meeting it appeared that the claims of the majority creditors both in number and amount were represented by disqualified attorneys, who had represented the bankrupt and had solicited part of the claims held by them and intended to vote for an inappropriate person, and, they being refused the right to vote, the attorneys asked leave to vote for another and suitable person, which was denied, it was error for the referee to deny their application for delay, to enable the creditors to obtain other proper representation and participate in the selection of a trustee, and to proceed to the election of a trustee nominated by minority creditors who was unsatisfactory to the majority; no improper conduct having been charged to the creditors, and it not appearing that they were in collusion with the bankrupt or his former attorneys.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 168, 169; Dec. Dig. § 122.*]

In Bankruptcy. In the matter of bankruptcy proceedings of E. A. Walker & Co., bankrupts. On petition of creditors to review a referee's order disallowing a right to vote on election of trustee. Granted, and remanded, with directions.

Blackmon, Merrill & Walker and C. H. Young, all of Anniston, Ala., for petitioners.

Rutherford Lapsley, of Anniston, Ala., for creditors.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GRUBB, District Judge. At a creditors' meeting it appeared to the referee that the claims of a large majority in number and amount were represented by the attorneys who had filed the voluntary petition for the bankrupt, but who had ceased to represent the bankrupt after the date of the filing of the petition, and that this firm of attorneys, during their representation of the bankrupt, had solicited a part of the claims held by them. It also appeared that they were going to vote them for a person as trustee who was put forward in the interest of or with the desire of the bankrupt. The referee determined that the claims were improperly represented, and that the person to be voted for by them was an inappropriate person to act as trustee. Thereupon the attorneys who represented such claims asked leave to vote them for another and suitable person, which was denied them upon the ground that they could not with propriety represent the claims by reason of their former connection with the bankrupt and the manner in which they had acquired the claims. The attorneys thereupon asked the referee to defer the creditors' meeting for a reasonable time to enable the creditors they represented to obtain other proper representation. No improper conduct was charged to the creditors, nor does it appear that they were in collusion with the bankrupt or his former attorneys, or had any improper motive in seeking the election of such person as trustee, nor did it appear that they knew of any conduct on the part of the bankrupt or his former attorneys that would preclude the former attorneys from representing them at the meeting. The referee held that the claims represented by the firm of attorneys, being improperly represented, could not be held as being present at the meeting at all, and declined to defer the meeting in order to enable them to obtain proper representation, but permitted a minority in number and amount of the proven claims to proceed with the election of a trustee, who was unsatisfactory to the majority. The creditors whose votes were disallowed filed a petition for review to the District Judge.

The conclusion of the referee is concurred in, so far as it determines that the attorneys holding the proxies of the majority in number and amount were not proper persons to vote their claims, and in so far as it determines that the candidate put in nomination by these attorneys was not a suitable person to act as trustee. In view of the fact that the majority creditors were not in fault in being improperly represented by such attorneys and in voting their claims for an ineligible trustee, it seems fair that they should have had a reasonable opportunity to acquire proper representation and to vote their claims for a suitable candidate; no injury to the estate being made to appear as a result of the delay to the meeting. In the case of In re Nice & Schreiber (D. C.) 123 Fed. 987, 988, the court said:

"Of course, if the creditors are content with this result (appointment by the referee upon failure of the majority in amount and the majority in number to agree on a trustee), and without objection permit the referee to appoint, no fault can be found with such appointment; but when, as in the present case, they unanimously ask for a reasonable postponement in order that they may have an opportunity to compose their differences, if that be possible, I think they are entitled to the delay. *And, in my opinion, the same consideration should be paid to a similar request by a majority in both number and*

*amount.* The creditors have the right to administer what is practically their own property by a proper trustee of their own choosing, and they should have such time as may be reasonable to see if they cannot get together upon so vital a subject."

For a like reason, it seems to me that the will of the majority in number and amount should not be set aside and the will of a minority substituted for it until a reasonable opportunity has been given the majority, when without fault, to properly present and vote their claims at the meeting. If after such opportunity was offered them they failed to do so, the votes of the minority should control, but not until then.

For these reasons I think the petition for review should be granted, and the referee directed to set aside the appointment of the trustee, and call another creditors' meeting for the election of a trustee, at which meeting the majority creditors in number and amount, who were excluded, shall be permitted to participate, if properly represented, and cast their votes for any suitable candidate; the present trustee to hold until his successor qualifies. No detriment to the estate can result, since the trustee has no duties left to perform except in reference to pending litigation.