### In re ROSENFELD-GOLDMAN CO.

(District Court, D. Massachusetts. July 16, 1915.)

No. 20795.

1. BANKRUPTCY ⊂⊃127—REVIEW OF REFEREE'S ACTIONS.

The administration of bankrupt estates is left largely to referees, and their acts in administrative matters, such as the election of trustees, will not be disturbed, unless a plain and injurious error of law or abuse of discretion is shown.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. ⊂⊃127.]

2. BANKRUPTCY ⊂⊃231—CREDITORS' MEETINGS—CONTINUANCE—DISCRETION OF REFEREE.

An order continuing a meeting of creditors of a bankrupt estate was a matter of discretion with the referee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 541; Dec. Dig. ⊂⊃231.]

3. BANKRUPTCY ⊂⊃123—PROCEEDINGS BY REFEREE—DISCRETION.

At the first meeting of creditors of a bankrupt estate it became evident that a contest was imminent over the election of a trustee, and a continuance for a few hours was requested, in order that other claims might be presented and allowed. The postponement was granted over the protest of objecting creditors, whose counsel stated that objection would be made to the allowance of such claims, and asked for a continuance of the meeting in order that evidence might be taken respecting the allowance of such claims. The meeting was accordingly adjourned, and hearings were held, and one of such claims was allowed and voted at the adjourned meeting, resulting in a tie vote. *Held*, that the referee neither abused his discretion, nor erred, as a matter of law, in continuing the first meeting and proceeding with hearings on such claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. ⊂⊃123.]

4. BANKRUPTCY ⊂⊃228—PROCEEDINGS BY REFEREE—DISCRETION.

Where, before the election of a trustee of a bankrupt estate, objections were made to a claim, it was for the referee to determine whether he

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

would disfranchise the claim upon the mere filing of objections, or go forward and ascertain in a summary manner whether or not the claim ought to be voted upon, and his decision would not be set aside, unless so plainly unjust as to amount to an abuse of discretion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. ☜228.]

5. BANKRUPTCY ☜127—ELECTION OF TRUSTEE—PRACTICE ON OBJECTED CLAIMS—REVIEW OF ORDERS.

On review of an order of the referee appointing a trustee because of a tie vote, where a creditor, whose disputed claim was so voted as to cause a tie, was not a party to the proceeding, the court would not determine, as a strict matter of law and fact, whether such creditor had received a preference or not, but would merely determine whether the referee's decision was so plainly wrong as to render the election manifestly unfair.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. ☜127.]

6. BANKRUPTCY ☜123—ELECTION OF TRUSTEE—OBJECTIONS TO VOTING CLAIMS —DETERMINATION THEREOF.

The first meeting of creditors of a bankrupt estate was continued to permit the proof of certain claims, and two claims were presented, to which objection was made. The referee heard evidence as to these claims, and allowed one of them, which was so voted as to cause a tie. The other claim was not passed upon by him, and would have been so voted as not to affect the result. *Held* that, as a decision with respect to such claim was not essential, the referee was not called upon to pass upon it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. ☜123.]

In Bankruptcy. In the matter of the Rosenfeld-Goldman Company, bankrupt. On review of an order of the referee. Affirmed.

Philip Rubenstein, of Boston, Mass., for creditors.

Thayer, Smith & Gaskill and Webster Thayer, all of Worcester, Mass., for trustee.

MORTON, District Judge. This is a review taken by certain creditors from action by the referee in reference to the choice of a trustee.

At the first meeting on July 2, 1914, it became evident before the voting for the trustee began that a contest was imminent. Thereupon a request was made that the meeting stand continued for a few hours in order that proofs of claims of the Worcester Trust Company and of the Globe Manufacturing Company might be presented and allowed. The referee granted the postponement requested against the protest of these objecting creditors. Their counsel thereupon stated that objection would be made to the allowance of the claims referred to on the ground that preferences had been received by the claimants, and that he was unprepared to go on with evidence at that time, and he asked for a continuance of the meeting until July 30th, that hearings might be held in the meantime and evidence taken upon the question of the allowance of these claims. This was agreed to, and the meeting was adjourned accordingly. The claim of the Globe Manufacturing Company was filed on July 2d, and that of the Trust Company on July 14th. Hearings on them were held from time to time.

The referee treated these creditors as having the right to be heard upon their objections to the allowance of the claims in question, and postponed the choice of a trustee until the validity of the objections could be determined. He allowed the claim of the Trust Company, and did not find it necessary to pass on the claim of the Globe Manufacturing Company. Accordingly the claim of the Trust Company was voted at the adjourned meeting on July 30th. It created a tie, a majority in number of creditors voting for one Whiting, and a majority in value voting for one Tatman. The claim of the Globe Manufacturing Company would have been voted the same way as that of the Worcester Trust Company. The allowance of it would not, therefore, have affected the result; and this was the reason why no decision as to it was made by the referee. As the voting was a tie between number and amount, the referee appointed Mr. Tatman, who had previously been receiver, trustee.

The objecting creditors contend that the referee erred, first, in continuing the meeting in order to allow the claims of the Worcester Trust Company and of the Globe Manufacturing Company to be presented and allowed; second, in allowing the claim of the Trust Company to be voted; third, in not passing upon the claim of the Globe Manufacturing Company; fourth, in not declaring Whiting elected trustee; and, fifth, in not ruling that Mr. Tatman was disqualified, because he was controlled by the bankrupt, or by one Wolfson, as preferred creditor. As to the last objection: The referee reports that at one of the hearings before him counsel for these creditors stated that he had no criticism to make of the qualifications of Mr. Tatman for receivership or trusteeship; also reports that Mr. Tatman's conduct of the affairs of the company was satisfactory to the referee. It does not appear that Mr. Tatman is controlled by the bankrupt, or by Wolfson, or that he is in any way disqualified from acting as trustee.

[1-3] The actual administration of bankrupt estates is, under the present law, left largely to the referees. It is the settled practice of this court not to disturb their acts in administrative matters—of which the election of a trustee is a typical example—unless a plain and injurious error of law or abuse of discretion is shown. Nothing can be more a matter of discretion, or more largely within the referee's power, than an order continuing a meeting. It certainly does not appear that, in continuing the first meeting, and in proceeding with hearings on the Trust Company's claim, the referee either abused his discretion or erred as a matter of law.

[4] The claim of the Trust Company having been presented, and objections having been made, the referee had either to disfranchise the claim upon the mere filing of objections, or to go forward and ascertain in a summary manner whether or not the claim ought to be voted upon. Which course should be followed it was for the referee to determine; and his decision ought not to be set aside, unless so plainly unjust as to amount to an abuse of discretion. Considering the merely preliminary character of the question before him, he seems to have made an unusually thorough and careful investigation as to the validity of the claim. The transcript of evidence covers more than

200 pages, and numerous documentary exhibits were introduced. He concluded that it had not been shown that a preference had been received, and accordingly allowed the claim to be voted.

[5]. The Trust Company is not a party to these review proceedings, which are between the objecting creditors and the successful candidate. The real question involved in this appeal is which of two competent and proper persons shall have the job of settling this estate. No decision that can now be made would preclude the Trust Company from insisting on the validity of its claim in future proceedings. The trustee has not passed upon the claim. No issue concerning it has been raised between the Trust Company and the bankrupt estate; and no such issue may ever be raised. Under these circumstances, the court ought not to undertake to determine, as a strict matter of fact and law, whether preferences had or had not been received. The real issue, as it seems to me, is not whether the claim of the Trust Company is valid, but whether the referee, in deciding, on an investigation, summary in character, made before the appointment of a trustee, and as an incident to the election of a trustee, that a claim could be voted on, was so plainly wrong that the election based on his decision was manifestly unfair and ought to be set aside. It is essential to the proper administration of bankrupt estates that a trustee shall be appointed as promptly as possible, and that an appointment once made shall not be lightly set aside on appeal. Rights of creditors in the selection of a trustee are important, but the decision as to them ought to rest largely with the referee. No case upon the exact point here presented has been called to my attention. It seems to me that the rule above stated sufficiently preserves the rights of creditors, and that a less flexible one would tend to cause harmful delays, and litigation of a peculiarly unprofitable character, in the settlement of bankrupt estates.

Under the rule of law above stated it is clear that sufficient ground for setting aside the election is not shown. I have not considered and do not pass upon the validity of the Trust Company's claim, nor whether it received preferences, beyond what is required in making a decision under the view of the law above stated.

[6] It is also objected that the referee did not decide the questions concerning the claim of the Globe Manufacturing Company. As before observed, however, he was called to decide only such matters as were necessary to a fair and proper election. Upon the facts stated, it is apparent that a decision of the claim last referred to was not essential. Indeed, there is no contention that his action on the Globe Manufacturing Company claim could have directly affected the result.