## In re GRAT.

(District Court, D. Massachusetts. July 26, 1915.)

No. 21566.

1. BANKRUPTCY ⬖126—ELECTION OF TRUSTEES—REVIEW.

The election of trustees in bankruptcy is part of the administrative work which is left largely to the referees, and their decisions in reference thereto will not be set aside, unless an unjust and injurious abuse of discretion, or a clear mistake of law, is shown.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. ⬖126.]

2. BANKRUPTCY ⬖126—ELECTION OF TRUSTEES—REVIEW.

Where, at the stated time for the election of a trustee in bankruptcy, a majority in number of the creditors were ready to proceed with the election and opposed delay, and objecting creditors presented no good excuse for their failure to be ready, the referee did not abuse his discretion in refusing to postpone the election for an hour, in order that other claims favorable to the candidate of the objecting creditors might be presented and voted upon.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. ⬖126.]

In Bankruptcy. In the matter of Max Grat, bankrupt. On review of an order of the referee. Affirmed.

Frank F. Dresser, of Worcester, Mass., for creditors.

Webster Thayer and Maurice L. Katz, both of Worcester, Mass., for trustee.

MORTON, District Judge. When the business of electing a trustee was reached in due course, the objecting creditors, who favored Mr. Lewis, apparently recognized that they were in a minority in number of claims, and requested a postponement of an hour in order that the other claims favorable to their candidate might be presented and voted upon. The learned referee declined to grant the postponement desired and directed that the election go forward. It is urged that he erred in so doing.

[1] The conduct of the elections of trustees is part of the administrative work which is left largely with the referees. Their decisions in reference thereto will not, for reasons recently stated by me in Re Rosenfeld-Goldman Co. (D. C.) 228 Fed. 921, be set aside, unless an unjust and injurious abuse of discretion, or a clear mistake of law, is shown.

[2] In this case the learned referee made no disputed ruling of law. The question is whether he is shown to have abused his discretionary power in refusing to delay the election an hour as requested. As I said in the Rosenfeld-Goldman Case, nothing, it seems to me, can be more a matter of discretion than the allowance or refusal of a continuance. In the Massachusetts courts there is no appeal from such action by a trial court, although it not infrequently is of much practical importance. Barker v. Haskell, 9 Cush. 218–221. Probably a dis-

tinction should be made between decisions by referees usurping from all, or a majority in number and amount, of the creditors of an estate, their right to choose a trustee (of which Re Nice & Schreiber [D. C.] 123 Fed. 987, is typical), and decisions affecting the relative rights of contending groups of creditors. In the present instance the person appointed by the referee was the choice of a majority in number of the creditors. The learned referee evidently considered him an unusually efficient liquidator and thought that the objecting creditors were not acting for the best interests of the estate. The stated time for the election had arrived; a majority in number of the creditors were ready and opposed delay. It was the duty of the objecting creditors to be ready, or to present a good excuse for not being so. No such excuse was offered. Under the circumstances, the learned referee's refusal to postpone the election does not seem to me to have been an abuse of discretion.

Order affirmed.