### In re PARSONS MFG. CO.

(District Court, D. Massachusetts. March, 1917. On Review of Order of Referee, July, 1917.)

1. BANKRUPTCY ⟨⟩126—ELECTION OF TRUSTEE—REVIEW OF APPROVAL.
    Individual creditors, conceiving themselves aggrieved by the action of the referee in approving the election of a trustee, may take review in their own names.

On Review of Order of Referee.

2. BANKRUPTCY ⟨⟩123—TRUSTEES—APPOINTMENT.
    Where, after bankruptcy of a corporation, its president and former manager, who was also one of the three directors, favored composition and reorganization, and the receivers and the other two directors favored adjudication and winding up of the corporate affairs, and each side, in soliciting claims to vote on the selection of a trustee, went beyond what was proper, claims solicited by the president, who yet held his office, cannot be disfranchised, while those solicited by the receiver and other directors are voted, even though the president, without authority, used the corporate name in attempting to resist adjudication; the president being guilty of no fraud.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKRUPTCY ⬤➡123—SELECTION OF TRUSTEE—VOTING OF CLAIMS.

That a bankrupt had a large claim against one who collected claims and desired to vote them to control the trustee is no ground for disfranchising such claims, although it might be for questioning the fitness of the trustee so chosen.

4. BANKRUPTCY ⬤➡126—TRUSTEE—DECISIONS OF REFEREE.

While the court will defer to a decision of the referee in approving an election of a trustee in bankruptcy, yet where error of a fundamental character, affecting the rights of a substantial body of creditors, appears, the referee's decision cannot be upheld.

5. BANKRUPTCY ⬤➡126—TRUSTEE—APPROVAL OF ELECTION.

Where a referee's order appointing a trustee is set aside on petition to review, the court should remand the proceedings to the referee, instead of appointing a trustee itself.

In Bankruptcy. In the matter of the Parsons Manufacturing Company. On petition by individual creditors to review orders of the referee relative to the choice, appointment, and approval of trustees. The case having been recommitted to the referee to state the facts, the order affirming the appointment of trustee was vacated, and the case returned to the referee for further proceedings.

Jacobs & Jacobs, of Boston, Mass., and Clarence E. Tupper, of Worcester, Mass., for petitioners.

Swift, Friedman & Atherton and Lee M. Friedman, all of Boston, Mass., for trustees.

MORTON, District Judge. [1] The practice of permitting individual creditors, who conceive themselves aggrieved by the action of the referee in approving the election of a trustee, to take review in their own names, is too well settled in this district to be disregarded (see In re Kellar, infra; In re Rosenfeld-Goldman Co. [D. C. Mass.] 36 Am. Bankr. Rep. 520, 228 Fed. 921; In re William J. Snow [No. 20983] 248 Fed. 295; In re Max Grat [D. C. Mass.] 36 Am. Bankr. Rep. 524, 228 Fed. 925), especially as it has received the silent approval of the Court of Appeals for this circuit (In re Kellar [C. C. A. 1st Cir.] 27 Am. Bankr. Rep. 715, 192 Fed. 830, 113 C. C. A. 154).

I have examined the transcript and briefs sufficiently to satisfy myself that the present case cannot be adequately dealt with on review without a certificate from the referee stating the facts in reference to the disfranchisement of claims, the relation of the present trustees to previous proceedings in the case, the solicitation of claims, and perhaps other significant circumstances.

Case recommitted to referee to state facts.

## On Review of Order of Referee.

This is a controversy over the election of trustees. Until the bankrupt corporation got into financial difficulties, one Gerrish was its dominating spirit. He was its president, treasurer, clerk, and manager, as well as one of its three directors. With the assent of all the directors, it made an assignment for creditors. Shortly afterwards, and as part of the arrangement, an involuntary petition in bankruptcy

was filed against it in this court, upon which receivers were appointed, three in number, two of whom had been assignees. At this time all interests were acting in harmony, and Gerrish was employed by the assignees and by the receivers as manager of the business.

A difference of opinion later developed between the receivers and two directors acting with them on one side, and Gerrish on the other. He favored composition and reorganization; the others, adjudication and winding up. The business and assets of the corporation were then completely in the hands of the receivers. Gerrish still held his stock and his offices in the corporation. He attempted to authorize counsel to act for it in resisting adjudication; but his fellow directors joined against him and employed other counsel to answer for it, admitting the allegations of the petition. This phase of the controversy was heard by Referee Warner, who ruled that the directors controlled the corporation's action and that the counsel selected by them was its authorized representative. Adjudication was accordingly made, and the first meeting of creditors was duly held.

[2] While the controversy was going on, Gerrish had actively solicited creditors to put their claims in his hands. The common-law assignees had solicited claims before the disagreement arose, and one of the receivers had done so in writing after that time. At the meeting there were two factions—one led by the assignees and receivers, which controlled a majority in amount of the claims proved; the other led by Gerrish, which controlled a majority in number. The learned referee found and ruled that the Gerrish claims were solicited and voted in the interest of the bankrupt, and he accordingly disfranchised them all. This left the candidates of the other faction with a majority both in number and amount. The learned referee declared them elected. He entered an order approving the choice, from which this review is taken.

It seems to me that he was clearly wrong in so doing. In endeavoring to control the election of trustees, Gerrish's purpose obviously was to advance, as he supposed, his plan for compromise and reorganization. The plan does not appear to have involved any fraud. It was a legitimate way of settling the bankrupt's affairs, and Gerrish had a right to do what he properly could to put it through. He was acting for his personal interest, just as the opposing creditors were acting for theirs, but, in spite of his unauthorized use of the corporate name in soliciting claims, it does not appear that he was endeavoring to secure for the bankrupt unlawful advantages or improper administration of its assets. Both parties went beyond what was proper in the solicitation of claims, and both offered to represent creditors without charge. What Gerrish did in this respect was not so far beyond what the other side did as to justify disfranchising his claims on account of it, while allowing theirs to be voted.

[3] It is suggested that the bankrupt had on his books a large claim against Gerrish, which was disputed by him, and that for this reason, also, votes controlled by him ought not to be received. But obviously this was a matter touching the fitness of Gerrish's candidate to be trustee—if he should be chosen—rather than the right to vote on claims

placed in Gerrish's hands. In re Wilson (D. C. Pa.) 194 Fed. 564, 37 Am. Bankr. Rep. 867.

[4] While this court is strongly disinclined to set aside decisions of the referees on questions of this sort, it must be recognized that they are not final. Where error in them clearly appears, which is of a fundamental character, affects the rights of a substantial body of creditors, and changes the result, the election must be set aside.

[5] It was suggested in argument that, if the order approving the appointment of trustees should be vacated, the court itself should make the appointment. The proper course, however, seems to me to be to vacate the order from which review was taken and to return the case to the referee for further action.

It is unnecessary to decide the further questions which have been argued as to the alleged disqualification of the trustees chosen, by reason of two of them having been assignees and all of them receivers. Such questions may not arise on a new election.

Order approving appointment of trustees vacated; case returned to referee for further proceedings.