**GARRISON v. PILLIOD CABINET CO. et al.**

**No. 388.**

Circuit Court of Appeals, Tenth Circuit.

June 15, 1931.

Fred Hinkle, of Wichita, Kan., for appellant.

Austin M. Cowan, of Wichita, Kan. (W. A. Ayres, C. A. McCorkle, J. D. Fair, and W. A. Kahrs, all of Wichita, Kan., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

A controversy arose over the election of a trustee for the estate of H. W. McCoy, trading as the McCoy Candy Company. The referee sustained an objection to the votes of creditors for M. E. Garrison, counted those cast for George R. Bassett, and approved his election. Garrison appeals from an order affirming the referee's action.

In November, 1929, Garrison, as executive manager of the Wichita Association of Credit Men, obtained a trust mortgage upon the assets of the bankrupt, and was proceeding to liquidate and administer the estate for creditors. The transfer, conceded to be a common-law assignment, was not attended with the requirements fixed by statute, and it exacted a release by accepting creditors of their demands. A like instrument was held invalid as to other creditors, under the laws of Kansas. McCord-Norton Shoe Co. v. Brown, 131 Kan. 19, 289 P. 417. The assignment was an act of bankruptcy.

An involuntary petition was filed against McCoy in January, 1930, and an adjudication followed the next month. Meantime, Garrison caused a letter to be mailed to the creditors asking them to execute proofs of their claims on inclosed forms, which also appointed him and Fred Hinkle, an attorney, as proxies to vote the claims. The National Association of Credit Men of Chicago, with which the Wichita Association was affiliated,

wrote the creditors urging them to forward their claims to the latter, so that it might control the administration of the estate. The result was that the Wichita Association received twenty-six of the claims upon the forms sent to creditors. These claims were allowed, aggregating $4,326.47. The votes they authorized and another of the First National Bank of Wichita, for $1,270.18, were offered by Hinkle for Garrison, as trustee. The bank claim was voted for Garrison. Eleven claims aggregating $1,368.54 were voted for Bassett. An objection was made to the voting of the twenty-six claims on the ground that they had been solicited by Garrison while assignee, in violation of general order 39 (11 USCA § 53), which in terms prohibits a receiver or his attorney from soliciting "any proof of debt, power of attorney, or other authority to act for, or represent any creditor for any purpose. * * *" The objection was sustained, and Bassett's election as trustee was approved.

The District Court affirmed that decision, holding both that the restrictions of the general order applied and that Garrison was not a proper person to act as trustee, because of the prior assignment.

■ Counsel for appellant insists that the general order has no application and should not be extended to assignees. We agree that it is inapplicable. It is suggested that a like reason exists for applying the restriction to assignees. But the rule, expressed in plain language, cannot be extended to parties not actually named. There is no room for interpretation beyond its terms. The rule was relaxed, in the amendment of January 13, 1930 (11 USCA § 53), which provided that, where a banking institution, with the approval of the Circuit Judges, is always appointed as receiver, notice may be given to creditors of its availability and means to aid them in filing claims and voting for trustee. It is not conceivable that the Supreme Court in these explicit references to receivers intended to forbid the like practice by assignees.

■ It is said the solicitation of claims by a party disqualifies him to act as trustee. We think this fact alone is an insufficient test to be applied, without an inquiry into other considerations, affecting the fitness of the applicant. And in the present case the question is presented whether the rejection of the votes offered for Garrison should be sustained, because of his prior relation as assignee.

■ By general order 13 (11 USCA § 53), it is provided that the selection of a trustee shall be subject to the approval of the referee. Primarily, the creditors are entitled to make the selection. But, in their situation, they are not always sufficiently advised to protect their interests. In any event, a supervisory power over the selection of a trustee is vested in the referee, to be exercised for good cause, in sound discretion. In re Leader Mercantile Co. (C. C. A.) 36 F.(2d) 745.

■ The selection of an assignee as trustee is presumably improper, as he is bound to account for his dealings with the bankrupt's property, from which conflicts with the creditors may result. Remington on Bankruptcy, § 1104, citing In re Clay (C. C. A.) 192 F. 830. He may be committed in favor of creditors whose claims are invalid or preferential in bankruptcy. Demands may have arisen under the assignment, which will provoke contests between claimants and creditors, and even plenary suits with the trustee may be requisite to determine them. See Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165; May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870. Obviously, a trustee should not be selected when his position may be inconsistent with the rendition of his duties to creditors in bankruptcy. The presumption against the propriety of appellant's selection as trustee has not been overcome in this case.

His disqualification sufficiently appears. He has no standing that entitles him to complain of the adverse rulings. There was no error, therefore, in refusing the votes offered in his favor and approving the selection of his opponent. The order of the District Court is affirmed.