**In re HALE DESK CO.**
No. 317.

Circuit Court of Appeals, Second Circuit.
April 5, 1937.

**2**

Miller, Hubbell & Evans, of Utica, N. Y. (James F. Hubbell, of Utica, N. Y., of counsel), for Standard Desk Co. and other creditors.

Feiring & Bernstein, of New York City (Michael Feiring and Barney Bernstein, both of New York City, of counsel), for trustees-appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The order appealed from affirmed a referee's order appointing trustees in bankruptcy of the Hale Desk Company. The case is here by leave to appeal granted by this court. The bankrupt filed a voluntary petition July 14, 1936. Adjudication was granted and the referee called the first meeting of creditors August 4, 1936, at which time a trustee was elected, but he resigned August 12, 1936. The referee made an order, August 19, 1936, in which he revoked certain powers of attorney, a list of which was attached, because of information he had obtained establishing unlawful solicitation of claims violative of Bankruptcy Rule 8–A–a of the Southern District of New York. A second meeting was called and held on September 8, 1936, to elect a trustee. As a result of rulings and orders then made by the referee, certain claims were disallowed, proxies were declared invalid and the meeting terminated without the election of a trustee by the creditors. Thereupon three trustees were appointed by the referee.

The right to select a trustee or trustees rests primarily with the creditors, Bankruptcy Act § 44, 30 Stat. 557, 11 U.S.C.A. § 72. The referee has supervisory power over the election of trustees and the creditors' choice is subject to his approval or disapproval. General Order 13, 11 U.S.C. A. following section 53. But the referee may not interfere with the creditors except for good cause and upon substantial reasons. Garrison v. Pilliod Cabinet Co., 50 F.(2d) 1035 (C.C.A.10); In re Mayflower Hat Co., 65 F.(2d) 330 (C.C.A.2);

In re Merritt Construction Co. (C.C.A.) 219 F. 555.

A review of this record satisfies us that the referee improperly rejected the votes of creditors whose claims, representing a majority both in number and interest, were sought to be voted for William J. James as sole trustee and that a clear abuse of discretion has been established.

The appellant, whose claim constitutes approximately 75 per cent. of the total scheduled liabilities, sought to cast its vote through its present attorney who also held powers of attorney for some 40 other claims. It appears that these claimants wished to co-operate with the appellant who as the largest creditor was apparently thought best qualified to lead for a united vote for a trustee. The referee denied the right to vote these collected claims principally upon the alleged ground that they had been solicited and were to be voted in the interest of the bankrupt. For disapproval of a proxy, solicitation must have been intended to further the interest of the bankrupt or any interest alien to those of the general creditors. In re Mayflower Hat Co., supra; Rule A–a, Southern District Court Rules. The evidence supporting the claim of such solicitation consists mainly of the fact that some of the claims were received or obtained by a corporation managed and controlled by the bankrupt. But that does not necessarily prove that the bankrupt's interest was being furthered, and may merely show that the bankrupt was co-operating with its creditors. The referee should have obtained further proof. But even if we assume that the disapproval of these proxies was justified, there still were sufficient votes in number and amount to control the election of appellant's candidate for trustee. The claims of the appellant and of the Quigley Furniture Company were entitled to their vote.

The only reason advanced by the referee for rejecting the vote of the appellant was a suspicion, which he indulged in, that it had obtained an unlawful preference. This consisted in the payment of a $6,000 indebtedness and of $22,000 upon consigned merchandise. The referee declared it to be his duty to select an impartial trustee "who would have no reluctance to proceed against the Standard Furniture (Desk) Company." The existence of this duty was improvidently assumed. If there was any basis for the suspicion entertained by the referee, he should have undertaken

to obtain facts which under section 57g of the Bankruptcy Act, 11 U.S.C.A. 93 (g), would have. warranted the disallowance of the claim. It did not justify the denial of the right to vote a claim which was prima facie valid under section 57a (11 U.S.C.A. 93(a). In re Bronx Ice Cream Co., 66 F. (2d) 620 (C.C.A.2). If the referee was informed of facts, as he stated, which he unearthed in an ex parte investigation conducted at the suggestion of the senior district judge, he should not have permitted such information to influence his judgment.

No reason deserving consideration was advanced for rejecting the vote of the Quigley Furniture Company.

■ The claim of 7 East Forty-Fourth Street Corporation, a liquidated claim for rent, was rejected because, as the referee stated, it would have to be "vigorously fought" and because of facts uncovered by the referee in the secret investigation but unrevealed to the creditor or to the court. The extent to which claims should be established before the election of a trustee may present a troublesome question [In re Milne, Turnbull & Co., 159 F. 280 (D.C.N. Y.)]; but that does not mean that a claim, clearly prima facie valid, may not be voted because of supposed but undisclosed questions which might arise later in connection ·with the claim.

■ The claim of the Milwaukee Chair Company was refused a vote because Haskins, who sought to cast it, was said to be improperly authorized. A power of attorney was made out in the names of two attorneys associated with Haskins, but it also purported to authorize "their representatives." While this would seem to constitute adequate authorization for Haskins, it also appears that a short adjournment was asked so as to cure the alleged defect, and that the referee arbitrarily declined to grant it. This was an abuse of discretion and the vote should have been allowed.

■ If the above-mentioned claims had been permitted their respective votes, it would have constituted a clear majority both in number and interest in favor of William J. James whom the appellant nominated. The referee should have declared him elected trustee.

The order will be reversed and an order entered directing the election of William J. James as trustee.

The order is reversed.