## In re UNIVERSAL SEAL CAP CO.

### No. 40563.

District Court, E. D. New York.

July 31, 1941.

Abner J. Grossman, of New York City, for Bush Terminal Bldgs. Co.

Duberstein & Schwartz, of Brooklyn, N. Y., for Abner J. Grossman.

Louis P. Rosenberg, of Brooklyn, N. Y., for remaining creditors.

INCH, District Judge.

This is a petition to review an order of a referee, made at a first meeting of creditors, by which he decided that there being a "deadlock" in the voting of creditors for a trustee, he would appoint one. The referee states that no objection to this course was interposed by any party present. The deadlock that was said to exist was due to the passing, by the referee, upon objections to various claims.

The controversy therefore is whether such a deadlock did in fact exist and this, in turn, depends on whether the referee correctly disposed of the objections.

The total assets of the estate, according to the receiver, amounts to approximately $5,000. One set of creditors proposed the continuation of the receiver as trustee. The other set proposed someone else. The referee appointed a disinterested attorney.

This court has always been reluctant to interfere with the action of a long experienced referee and would not do so now unless two things seem to plainly appear. First, the referee exercises only supervisory powers at such a meeting. It is the creditors, provided the claims are

proper, that select their trustee. Second, while the purpose of the bankruptcy law is to have a trustee that will not directly or indirectly act in the interest of the bankrupt but whose sole interest is in the proper protection of the creditors, nevertheless there must be foundation for taking the selection from the creditors.

The receiver, in this case, apparently had performed his services well and with the approval of all and stated, at the meeting, that he was somewhat embarrassed by this contest and wished to withdraw. The referee did not approve such action and continued with the election.

█ The petition to review the referee's order is filed by one C. T. McCormick, trading as Super Service Motor Freight Co. The claim amounts to approximately $95. This was one of the claims voting for the receiver. The petition to review is opposed by an attorney for creditors who wished their candidate elected. The specific objection is that this creditor has no proper claim and therefore could not appeal.

I have examined the record as presented and I feel that there is sufficient proof of a legitimate claim by this creditor to justify his right to review the order.

The important question therefore is whether or not this was a meeting at which the referee could select the trustee.

█ I am in sympathy with the referee when he holds a creditor's meeting like this. I also agree with him that the referee's duty is to avoid any improper influence in the election of a trustee.

No criticism was made of any action of the receiver in his previous work or in being duly qualified to continue the administration as trustee.

If one group of creditors has a majority in number and amount the law allows that group to select the trustee provided such creditors are qualified to vote.

The referee disqualified the claim of John G. Bleimeyer in the sum of $3,000, on the ground that there was an intimate relationship between the bankrupt corporation, Bleimeyer, and the attorney that voted his claim. There is no dispute but that Bleimeyer is owed $3,000, by the bankrupt company. It is stated by counsel that the company was controlled by John and William Newbold who together owned approximately 80% of the company. John Bleimeyer's brother Philip had a minority

stockholding in the bankrupt and was vice president. Nevertheless, the involuntary petition in bankruptcy was filed against this company by John Bleimeyer as one of the diligent creditors seeking to get his money.

Previous to the filing of this petition it would appear that the attorney that voted his claim at the meeting had endeavored to avoid bankruptcy by seeing if he could not work out the debt by some adjustment without bankruptcy and for this purpose he was allowed to act for the company but such efforts entirely failed. Thereafter and before the bankruptcy and at the meeting of creditors his sole interest was for his client, the $3,000 creditor. He was not the attorney for the bankrupt. On the contrary his client was one of the petitioning creditors by whose action the whole estate was presented to the creditors. Moreover such creditor, by his attorney, voted for the receiver who was plainly a disinterested party and as to whose fidelity no question was raised. This creditor was not an officer, a director or stockholder of the bankrupt. 11 U.S.C.A. § 72.

█ The bankrupt is a corporation and I think that the mere fact alone that a true creditor happens to be a relative of an officer of a corporation is insufficient, in the absence of other facts or fair inference to be drawn therefrom to disqualify him. The relationship becomes significant only in such circumstances. I think therefore that this claim should have been counted by the referee.

█ Bearing in mind the admonition of the Circuit Court of Appeals of this Circuit in Re Hale Desk Co., 2 Cir., 89 F. 2d 1, that substantial reasons and good cause alone justify interference with the selection of a trustee by creditors, I have considered several of the claims, such as the Eagle Photo Engraving Co., and the Standwood Paper Tube and Can Corp., as to which objection was sustained by the referee. I believe that on the facts here the power of attorney duly executed sufficiently authorized the representation of these creditors at the meeting by the attorney voting the claims.

It seems unnecessary to further discuss the rulings of the referee for if I am correct there was a majority in number and amount duly voting for the election of the receiver as trustee. No doubt the administration by the excellent lawyer ap-

pointed trustee by the referee would be efficient and most satisfactory. But in view of the receiver's experience and reputation there is no doubt but that the administration under his guidance would be equally good. In any event in the absence of good cause and substantial reason for interference with the choice of creditors the selection of a trustee devolves upon them rather than upon the court.

Accordingly the petition is sustained and the order of the referee is vacated.