## JOHNSTON *et als.* v. WRIGHT.

In powers, covenants, releases, or other contracts, where a several interest is alone expressed or referred to, no general terms will allow the meaning to be extended to a joint interest.

A power of attorney authorizing the attorney "to settle and adjust all partnership debts, accounts, and demands, and all other accounts and demands now subsisting, or which may hereafter subsist between me and any person or persons whatever," and to execute releases for such purposes, does not confer a power to release a covenant of guaranty made to the principal and others jointly, for the payment of rent and purchase money of property sold by them as tenants in common.

In such a case the debt guarantied is not a partnership debt, nor does it fall within the provision of the power referring to demands subsisting "between *me* and any other person or persons," which is confined to demands in which the principal had a several and sole interest.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiffs, George Pen. Johnston, for himself, and as trustee of Mary E. H. Gwin, and Charles W. Cook, executed an indenture of lease with Benjamin A. Barney, of a ranch in San Francisco county, held by the lessors as tenants in common, and a sale of the live stock thereon, in which Barney covenanted to pay a rent of $500 per month for the ranch, and the sum of $31,000 for the stock, payable in instalments. George W. Wright, the defendant, subsequently executed a guaranty under seal for the performance by Barney of all the covenants above mentioned, on his part to be kept and performed. Barney failing to make the payments agreed, this action was brought on the guaranty.

The defence set up is a release to Wright, executed in the name of Charles W. Cook, by Edward Jones, his attorney in fact. The effect of the release, if executed by Cook, is not considered in the case; the only question in the case arising upon the sufficiency of the power of attorney from Cook to Jones. The powers conferred are, in the language of the instrument, "to ask, demand, recover, and receive, all and every sum or sums of money, debts, dues, merchandise, or effects, due, payable, coming or belonging, or which may at any time be due, payable, coming, or belonging, unto me from any person or persons whomsoever."

After conferring the power to sell real and personal property and to execute the necessary instruments of conveyance and assurance, the power authorizes the attorney "to settle and adjust all partnership accounts and demands, and all other accounts and demands now subsisting, or which may hereafter subsist between me and any person or persons whomsoever, and submit and decide the same by arbitration; to compound for any debts, dues, or demands owing, or which may here-

after be owing to me; for all and any of these purposes, to make and execute any releases, compromises, compositions, agreements, or contracts, by deed or otherwise, in his opinion necessary or expedient in the premises."

On the trial, the Court below, on motion of plaintiffs, and under the exception of defendant, excluded the power of attorney and the release executed under it, and instructed the jury to find a verdict for plaintiff for the sum of $14,000, the amount admitted to be due by Barney. The defendant moved for a new trial, which was denied, and judgment entered on the verdict. Defendant appealed.

*Robinson, Beatty and Sackett* for Appellants.
Cited 8 Pick. R., 63, 64.

*R. A. Lockwood* for Appellants.
For aught that appears on the record, the release may have been upon full payment by Wright.

The Court below erred in excluding the deed of release from Cook to defendant.

Bacon's Abridg., Tit. Summons and Severance, F.; 3 Johns. R., 70; 9 ib., 469; 13 ib., 286; 15 ib., 481; 4 Eng. Law and Eq. R., 343.

*Howard & Perley, and Hoge* for Respondent.
The authority given by the power of attorney, when analyzed, amounts to this:

1. To settle and adjust all partnership accounts and demands between Cook and any other person or persons.

2. To settle and adjust all private accounts and demands between Cook and any other person or persons.

3. To decide either private or partnership accounts and demands, by arbitration, or to compound the same.

4. For any and all of these purposes to make and execute any releases, compromises, compositions, etc., by deed or otherwise.

The words, "these purposes," in the power, operate as a direct limitation on the authority of Jones to execute a release.

If this case was one of copartnership between plaintiffs, the power would not have authorized Jones to execute this release.

It would, in that case, only have authorized him to settle and adjust the matter between Cook and his copartners, Gwin and Johnston.

The release, then, is inoperative and void on the following grounds:

1. It was not made in the settlement, adjustment or compounding of a debt, but is a mere discharge without payment and without consideration.

2. It was the discharge of a debt not due to Cook, individually, but to Mrs. Gwin and Geo. Pen. Johnston and C. W. Cook, jointly.

A power of attorney to an agent to accept bills drawn on behalf of his

principal, has been held not to authorize an acceptance relative to concerns in which the principal had only a partnership interest. Atwood v. Manning, 14 Esch. 130; Simon v. Johnson, 23 Common Law R., 85; Atwood v. Cummings, 14 Common Law R., 131.

If Cook himself had released the defendant from all debts due to him, this would not have operated as a release of a joint debt due Cook, Johnston and Gwin. Reading R. R. Co. v. Johnson, 7 Watts & Sergt., 317; 39 Common Law R., 53.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

The decision of this cause depends upon the construction to be given to the power of attorney from Cook to Jones; for if the language of the power can be extended to embrace the contract sued on, then the release executed by Jones as Cook's attorney, would be a complete bar to the recovery in this action. The language of the power authorizes the attorney " to settle and adjust all partnership debts, accounts and demands, and all other accounts and demands now subsisting, or which may hereafter subsist between me and any person or persons whatsoever;" and for this among other purposes, the power is given to execute releases. The debt sued on is not a partnership debt, but is a covenant to which the grantor of the power is a joint covenantee with two others, and the question is whether the words " between me and any person or persons whatsoever," can be made to include a debt not owing to the principal alone, but to him jointly with others. The rule laid down by the authorities for the construction of these instruments, requires them to be confined to the simple meaning of the terms expressed, and not to be extended by implication in any case except where the implication is absolutely necessary to carry out the expressly granted power. Judge Story, in his work on agency, § 68, says : " Indeed, formal instruments of this sort are ordinarily subjected to a strict interpretation, and the authority is never extended beyond that which is given in terms, or which is necessary and proper for carrying the authority so given into full effect." A case analagous to this is that of Simons v. Johnson, 3 Barn. and Adol., 175. These mutual releases were given by the parties for all claims which each had against the other. But it was held not to extend to a claim which the plaintiff had against the defendant and another jointly.

In Atwood v. Mannings, 7 Barn. and Cress., 279, the power was to endorse bills " for the principal, in his name, and to his use," and also to accept bills drawn by his agents or correspondents." In the suit upon a bill drawn by one of the partners of the principal, for the benefit of the partnership, and accepted by the agent, it was held that the power extended only to the individual business of the principal, and not to his partnership affairs. So in the case of Reading Railroad Company v. Johnson, 7 Watts & Sergeant, 317, where a release was relied on to render a witness competent, the Court say : " The release is quite formally drawn, but then all the actions, etc., appear to be such only as

existed against McIlvaine alone.  The claim sued for here is not specifically mentioned in the release; nor is the name of Smith, or the names of McIlvaine & Smith as partners, or as a firm, mentioned therein.  In short, there appears to be no reference to it whatever, so that if it had been intended not to release McIlvaine, more care or caution could not have been used for that purpose."

From all these authorities, and the reasoning deduced from them, it appears to be a well established rule that where in powers, covenants, releases, or other contracts, a *several* interest is alone expressed and referred to, no general terms will allow the meaning to be extended to a joint interest.  In the case before us, the power refers the attorney to " demands between *me* and any person or persons," and to " debts or demands owing to me."  This language must in interpretation be confined to such debts and demands whereof the principal had a several and sole interest, and cannot be made to include a covenant which he jointly held with others.  And it seems clear from the cases cited, that if Cook, the principal, had personally executed a release to Wright, and had used only the language contained in the power of attorney to Jones, it would have been totally ineffectual to release the covenant on which this controversy rests.

Judgment affirmed.