## INTERNATIONAL AGR. CORP. v. CARY et al.

### In re HULL'S ESTATE.

(Circuit Court of Appeals, Sixth Circuit.    March 6, 1917.)

#### No. 2901.

1. BANKRUPTCY ☜467—APPEAL—REVIEW—RECORD.
   Where, on appeal from an order denying a petition to set aside an order of the referee denying petitioner the right to participate as an individual creditor in the estate of a bankrupt, the record in the original proceeding showed that the referee, entering the order of denial, gave notice on his own motion that hearing would be had to determine the question, and that creditors appeared at the hearing, it must be assumed that the notice of the hearing was given by the referee, and that petitioner had actual notice.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929.]

2. BANKRUPTCY ☜341—PROOF OF CLAIM—EFFECT OF.
   Under Bankr. Act July 1, 1898, c. 541, § 57, 30 Stat. 560 (Comp. St. 1913, § 9641), declaring that claims which have been duly proved shall be allowed upon their receipt by or upon presentation to the court, unless objection to their allowance shall be made by the parties in interest, or their consideration be continued for cause by the court on its own motion, the sworn proof of claim against the estate of a bankrupt is prima facie evidence of the indebtedness claimed, and the allowance amounts to an adjudication to that effect.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 516, 528.]

3. BANKRUPTCY ☜342—PROCEEDINGS—AUTHORITY OF REFEREE.
   Under Bankr. Act, § 57k, declaring that claims which have been allowed may be reconsidered for cause, and reallowed or rejected in whole or in

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

part, according to the equities of the case, before, but not after, the estate has been closed, a referee has jurisdiction, after the allowance of a duly proven claim, to disallow such claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529.]

4. BANKRUPTCY ☞351—CLAIMS—ALLOWANCE.

An allowance of a claim against the individual estate of a partner is not, however, a determination of priorities as between firm and individual creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 563, 564.]

5. BANKRUPTCY ☞11—COURT OF BANKRUPTCY—NATURE OF.

A court of bankruptcy is a court of equity, though the proceedings therein are more summary than ordinary suits.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11.]

6. BANKRUPTCY ☞342—PROCEEDINGS—JURISDICTION OF REFEREE.

While General Order in Bankruptcy No. 21 (89 Fed. x, 32 C. C. A. xxiii), providing for the re-examination of claims on application to the referee by petition of trustee or a creditor, prescribes the usual practice and should in ordinary cases be followed, a referee may, a court of bankruptcy being one of equity, on his own motion, order a reconsideration of the question of the allowance of claims already allowed, and hence, in the interests of justice, a referee may, notwithstanding previous allowance of a claim against the estate of a bankrupt, disallow the same, save as to the assets of a firm of which the bankrupt was a member, even though, by reason of the absence of firm assets it amounted to a practical disallowance.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529.]

7. BANKRUPTCY ☞351—CLAIMS—PARTNERSHIP ASSETS.

Under Bankr. Act, § 5g (Comp. St. 1913, § 9589), providing for the marshaling of assets of a partnership estate and individual estates, so as to secure equitable distribution of the several estates, firm creditors are not entitled to receive dividends from the separate estates of the partners until the separate creditors have been paid in full.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 563, 564.]

8. BANKRUPTCY ☞342—PROCEEDINGS—ORDER OF REFEREE.

A rule of the District Court provided that petitions for the review of orders made by the referee in bankruptcy should be filed within 10 days after the entry of the order, with authority to the referee, on written motion and upon good cause shown, to allow a longer time, not exceeding 5 days. General Order in Bankruptcy No. 27 (89 Feb. xi, 32 C. C. A. xxvii) provides that when a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of, and the referee shall forthwith certify to the judge the question presented. Petitioner took no steps to secure review of an order of the referee in bankruptcy which worked a practical disallowance of its claim until more than two years after its entry. *Held*, that the petition was filed too late to have review, and a subsequent referee was without jurisdiction to set aside the order and allow petitioner's claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529.]

Appeal and Petition to Revise from the District Court of the United States for the Northern District of Ohio; John H. Clarke, Judge.

In the matter of the bankruptcy of the estate of Robert B. Hull. Petition by the International Agricultural Corporation to revise a decision of the referee denying petitioner participation as an individual creditor in the distribution of the bankrupt's estate, opposed by Charles

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Cary, trustee in bankruptcy, and others. From an order denying the petition, petitioner appeals and petitions to revise. Order affirmed.

See, also, 224 Fed. 796.

J. M. Butler, of Columbus, Ohio, for appellant.

C. A. Fisher, of Canton, Ohio, for appellees.

Before WARRINGTON and KNAPPEN, Circuit Judges, and EVANS, District Judge.

KNAPPEN, Circuit Judge. In November, 1912, the Kyser-Hull Company, a copartnership, was dissolved by mutual consent; Hull retiring, and Kyser, the only other partner, continuing in the business as an individual, and (apparently) assuming the debts of the firm. Before and at the time of the dissolution appellant was a creditor of the copartnership in the sum of about $1,100. It had no knowledge of the dissolution at the time it occurred. On or about the following 31st of December Kyser and Hull, individually, gave appellant their joint and several promissory notes covering the amount of the indebtedness to appellant. January 11th following Kyser was adjudged bankrupt on his voluntary petition, and three days later similar action was taken in Hull's case. Both estates were referred to the referee in bankruptcy for the usual administration.

[1] Petitioner's claim was allowed against the Hull estate January 5, 1913 (and is said to have been similarly allowed against Kyser's estate), but no determination was then made regarding priorities or payment of dividends. No objection or exception to, or appeal from, the allowance of the claim as stated, was made or taken. On April 18, 1913, the referee, on his own motion, gave notice to creditors of the Hull estate that on a certain date a hearing would be had to determine individual and firm creditors, and especially to "consider certain notes of [appellant] and the Canton Buggy Company, the same being firm debts of Kyser, Hull & Co., and for which notes were given in December prior to the bankruptcy proceedings by both Kyser and Hull, as individual creditors, and to determine whether said claims are individual claims or not"; and on the 29th day of the same month, at a hearing at which certain creditors appeared "and on argument of counsel," the referee held that the two claims mentioned should not prorate with Hull's individual creditors.

Upon this record it must be taken as true that notice of the hearing mentioned was given appellant by the referee; also that appellant received notice of the order of April 29th, two days or so after it was made, although it was not represented at the hearing. No review of that order was ever asked for by appellant. The Buggy Company, however, obtained a review, and a reversal thereon, of the referee's order denying to the Buggy Company the right to participate in the distribution of the assets of the individual estate of Hull. In re Hull (D. C.) 224 Fed. 796.

On May 19, 1915, and thus more than two years after the order of April 29th, appellant applied to the successor referee to set aside his predecessor's order of April 29th on the grounds: (1) That the ref-

eree had no power to make the order; (2) that appellant's name was inserted in the order by inadvertence or mistake; and (3) that appellant had no notice or knowledge of the giving of the notice of April 18th and of the making of the order of April 29th.

As already said, both the notice and knowledge in question are established. It is also established that appellant's name was not inserted in the order by inadvertence or mistake, but that the order was purposely made to include appellant. The successor referee held, however, that the order of April 29th was made without jurisdiction, for the reasons that no application had been made to the referee to have the claim disallowed, and no pleadings were had on the new issue raised, and that the referee was without authority to act on his own motion. The order of April 29th was accordingly "vacated, set aside, and held for naught"; the referee's opinion (but not his order) stating that appellant would be given opportunity "for a hearing in the court, to present evidence as to whether or not it is entitled to a dividend."

Judge (now Mr. Justice) Clarke, on review of the successor referee's order of May 19, 1915, upheld the authority of the original referee to make the order of April 29, 1913, and reversed the successor referee's action of May 19, 1915. It is to review the order of the District Judge that the present proceedings are brought.

[2-4] We think the referee had jurisdiction to make the order of April 29, 1913. True, the sworn proof of claim against the bankrupt was prima facie evidence of the indebtedness claimed (Bankr. Act, § 57d; Whitney v. Dresser, 200 U. S. 532, 535, 26 Sup. Ct. 316, 50 L. Ed. 584); and the allowance of the claim amounts to an adjudication that Hull's estate was indebted to appellant, so long as such adjudication is not set aside or reversed. The allowance of the claim was not, however, in form a determination of priorities as between firm and individual creditors. But, assuming that there were substantially no partnership assets, and thus that the referee's action in denying appellant the right to share ratably with individual creditors in the assets of the Hull estate amounted, for practical purposes, to a disallowance of the claim, the action had was nevertheless within the jurisdiction of the referee; for section 57k of the Bankruptcy Act expressly provides that "claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed." This express statutory provision makes it unnecessary to consider what the authority of the referee would be in its absence.

[5-7] Appellant urges, however, that General Order in Bankruptcy No. 21 (89 Fed. x, 32 C. C. A. xxiii) which provides for re-examination of claims on application to the referee by petition of the trustee or of a creditor, furnishes the exclusive remedy, and that the referee is powerless to proceed of his own motion; and, as already suggested, the successor referee, in making the order of May, 1915, so held. We cannot agree with this contention. While it is probably the better practice generally for the referee to act upon petition of the trustee or of cred-

itors, and, in case the information comes in the first instance to the referee, to direct the trustee to institute proceedings for re-examination, yet we cannot think that the referee is without jurisdiction to act, as in the case in question, upon his own motion. There may or may not have been good reason for proceeding sua sponte, but the presence or absence of such reason is not fatal to jurisdiction. A court of bankruptcy is a court of equity (Bardes v. National Bank, 178 U. S. 524, 535, 20 Sup. Ct. 1000, 44 L. Ed. 1175); the proceedings therein are more summary than in ordinary suits (Whitney v. Dresser, supra); and it cannot be that an equity court, acting under such summary practice, is powerless, in the interests of justice, on its own motion to take steps to correct what it believes to have been an erroneous action had upon insufficient knowledge; and the general rule is that firm creditors are not entitled to receive dividends from the separate estates of the partners until separate creditors have been paid in full. Bankr. Act, § 5g; Loveland on Bankruptcy (4th Ed.) § 273. And see In re Telfer (C. C. A. 6) 184 Fed. 224, 106 C. C. A. 366; Ft. Pitt Coal & Coke Co. v. Diser, Trustee, 239 Fed. 443, —— C. C. A. ——, decided by this court February 6, 1917.

It is at least open to inference that the referee, before giving the notice of April 18th, had learned that the claim in question grew out of partnership dealings. We entirely agree with the conclusion of Judge Clarke that "it would seem to be to subordinate substance to form to hold that the referee, due notice being given to all concerned, could not do of his own motion in such a case as this that which the referee, impliedly at least, considers it would have been competent for him to have done if a petition or motion had been filed by a trustee or a creditor," and that the notice of the hearing of April 29th gave as effective notice of the proposed action as could any formal pleading. Jurisdiction over the subject-matter thus clearly existed; and appellant, having received due notice of the proposed action, as well as of the action had, is bound by the action taken.

[8] Appellant further urges that, if the referee had the right of his own motion to make the order of April 29th, a successor referee had like jurisdiction and authority, upon due application of a creditor and upon due hearing, to "open up the whole matter, to reallow the claim, and to make such other orders as are necessary to do substantial justice 'according to the equities of the case.'" But this proposition, as applied to a rehearing as to action within the jurisdiction of the predecessor referee, fails to give due effect to appellant's failure to take steps to review the action now complained of. General Order in Bankruptcy No. 27 (89 Fed. xi, 32 C. C. A. xxvii) provides that, when a person shall desire a review by the judge of any order made by the referee, "he shall file with the referee his petition therefor, setting out the error complained of," whereupon the proceedings shall be certified to the judge; and rule No. 17 of the District Court below expressly provides that petitions for the review of orders made by the referee shall be filed with that officer "within ten days from the entry of such order," with authority to the referee "on written motion and upon

good cause shown" to "allow a longer time, not exceeding, however, five days." Having failed to take such review, and the order in question having been within the referee's jurisdiction, appellant's right to complain of the order was effectually lost. In re Marks (D. C.) 171 Fed. 281 (opinion by present Circuit Judge McPherson); In re Wister & Co., Bankrupts (D. C.) 232 Fed. 898; s. c. (C. C. A. 3) 237 Fed. 793, —— C. C. A. ——.

Attention is called to the asserted injustice of denying appellant the right given to the Buggy Company to participate in the assets of the Hull estate. But the injustice of such result is more apparent than real. The Buggy Company has prevailed because it took a review of the order here complained of. Upon that review Judge Killits held that firm creditors were not entitled to share ratably with the insolvent partner's creditors, even though there were no partnership assets available for partnership creditors, and seems to have granted relief because of the finding by the referee that by the taking of the individual notes a novation was accomplished, whereby the Buggy Company became the individual creditor of Hull, and because the evidence failed, in the judge's view, to show that the Buggy Company, when it took the notes, had reason to believe that Hull was insolvent and unable to pay both his individual and partnership liabilities.

The record before us is not such as to enable us to determine, even were it open to us to do so, whether appellant's relation to Hull's estate was such as to entitle it to the relief granted the Buggy Company. The order of the District Court is affirmed.