### In re JAFFEE.

(District Court, D. Massachusetts. April 26, 1921.)

No. 28530.

1. **Bankruptcy ⊂⟶228—In absence of evidence, referee's findings must be accepted, unless report shows them to be wrong.**
   Where the evidence before the referee is not reported, the referee's findings must be accepted, unless they appear on his report to be clearly wrong.

2. **Bankruptcy ⊂⟶228—Disapproval by referee of nomination of trustee confirmed, unless no fact consistent with report justifies it.**
   Where the evidence before the referee is not reported, the referee's action in refusing to appoint as trustee the person first elected by the creditors, because he did not reside at the place where the bankrupt did business, must be confirmed, if on any state of facts consistent with the report the referee had power to disapprove on the ground stated.

3. **Bankruptcy ⊂⟶120—Referee's refusal to appoint trustee, because not a resident, confirmed.**
   The refusal of the referee to appoint as trustee the person first elected by the creditors, because that person did not reside at the place of the bankrupt's business, will be confirmed, where the evidence was not reported, and the referee's report did not show whether the duties of the trustee would be such as to require some one who would be in daily contact with the business.

4. **Bankruptcy ⊂⟶228—Judgment of referee on administrative matters entitled to weight.**
   On purely administrative matters, such as the appointment of a trustee in bankruptcy, the judgment of the referee is entitled to great weight, and it is not to be assumed that he disregarded the votes of the creditors, without strong reason for so doing.

5. **Bankruptcy ⊂⟶22—Trial court will not hold general order made by Supreme Court invalid.**
   A court of first instance will not consider the objection that General Order in Bankruptcy No. 12 (89 Fed. vii, 32 C. C. A. xvi) goes beyond the Bankruptcy Act (Comp. St. §§ 9585-9656), and is invalid in so far as it gives the referee power to pass on the competency of the person elected by the creditors as trustee, but that question must be decided by the Supreme Court, by which the general orders were made.

In Bankruptcy. In the matter of the estate of Abraham Jaffee, bankrupt. On review of an order of the referee, declining to appoint as trustee the person first elected by the creditors. Order affirmed.

Horblit & Wasserman, of Boston, Mass., for creditors.

---

⊂⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MORTON, District Judge. [1, 2] The principal question is whether the referee had power to refuse to approve as trustee a person elected by the creditors solely because he resided and did business in Boston, while the bankrupt's business was in North Adams. As the evidence is not reported, the referee's findings must be accepted, unless they appear on his report to be clearly wrong. If, on any state of facts consistent with his report, he had power to disapprove upon the ground stated, his action must be confirmed.

[3] The appellant argues that a large majority of the creditors favored his election, and refers to decisions holding that the views of creditors are entitled to great weight on such a question. Very few parts of the Bankruptcy Act (Comp. St. §§ 9585–9656) are, from an administrative point of view, less satisfactory than the method of choosing trustees. Theoretically the creditors interested make the selection. Practically they pay very little attention to it. They generally turn their claims over to agencies or to other persons, and the claims are apt to be voted upon considerations in which the best interests of the estate cut a small figure.

[4] It is always an advantage to have the liquidating officer in close touch with the business being liquidated. In appointing receivers, I often insist on local men. In some cases it may fairly be said to be essential to have somebody who will be in daily contact with the business; in others, that would not be required. Each case stands on its own facts. On such purely administrative matters the judgment of the learned referee is entitled to great weight. It is not to be assumed that he disregarded the votes of the creditors, without strong reasons for so doing. The record does not show that they were inadequate, nor that this estate is not of such character as to require for its proper liquidation a trustee in closer contact with the business involved than one resident in Boston, which is at the other end of the state from North Adams. After disapproving the choice of Mr. Wasserman, the learned referee afforded the creditors an opportunity to select a trustee whose residence would meet his views as to the necessities of the case, and he approved the person then chosn by them.

[5] The appellant suggests that General Order 12 (89 Fed. vii, 32 C. C. A. xvi) goes beyond the act, and is invalid in so far as it gives the referee power to decide upon the competency of the person elected by the creditors as trustee. This question can hardly be considered in a court of first instance; it must be decided by the Supreme Court, by which the General Orders were made.

Order affirmed.