### In re DUNAWAY.

(District Court, N. D. Georgia. September 19, 1921.)

No. 1035.

**Bankruptcy ⬤�254—Referee held to have jurisdiction to vacate improvident order and enforce restitution of property delivered thereunder.**

    A referee who, without notice to the bankrupt ordered money set apart as his homestead exemption, delivered to one claiming to be the receiver of a state court, *held* to have jurisdiction to vacate such order and to require restitution of the money.

In Bankruptcy. In the matter of W. H. Dunaway, bankrupt. On review of referee's order on intervention of W. E. Hall as receiver. Order affirmed.

S. C. Upson, of Athens, Ga., for bankrupt.

Chalmers & Stewart, of Atlanta, Ga., and Z. B. Rogers, of Elberton, Ga., for receiver.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SIBLEY, District Judge. The bankrupt's trustee set apart $1,600 as a homestead. A creditor of the bankrupt applied to the state court for a receiver to take over the homestead exemption to administer it for creditors holding waivers of homestead. W. E. Hall, claiming to be such receiver, but presenting no certified copy of his appointment or other evidence thereof, applied by intervention in the bankruptcy court for possession of the homestead and the referee, prior to the expiration of 20 days after setting apart the homestead, but, without notice to the bankrupt and without hearing any evidence as to the appointment of the intervener as receiver, delivered the fund to him. Thereafter the bankrupt moved to vacate the order, and upon notice to Hall, the referee, passed an order vacating his previous order and directing the return of the homestead to the trustee. Hall now seeks to review the referee's last ruling, on the ground that the court had no jurisdiction over the homestead, and no right to order a receiver of the state court to repay a fund in his possession.

The bankruptcy court has jurisdiction over all the assets of the bankrupt. Such as are claimed to be exempt under the state law are to be set apart as homestead. The bankruptcy court has jurisdiction to set apart and deliver over the homestead, but has no jurisdiction to administer it further. If another claiming to be receiver for the bankrupt asserts a right to have the homestead delivered to him, the bankruptcy court, while without authority to direct the course of the receivership, undoubtedly has jurisdiction to ascertain whether the applicant be a lawful receiver and entitled to the possession of the homestead rather than the bankrupt. Ordinarily no question could exist as to this where certified copies of a regular appointment are presented to the bankruptcy court, but the bankrupt, being the person whose right is to be directly affected, ought, wherever practicable, to have notice of the proposed delivery of the homestead to another rather than to him, in order that he may be heard. The referee had jurisdiction, and exercised it properly to vacate, as improvidently granted, if not altogether void, his previous order, made without evidence and without notice to the bankrupt. He could adjudge, also, that the fund be returned to the trustee. If the person receiving it from the trustee is in fact the receiver of a state court and has become chargeable as such with the money, unquestionably he would be entitled to take the advice and order of the court appointing him, and if that court's opinion should differ from the referee's, a question of enforcing the referee's judgment might arise involving delicacy. Such question has not arisen in this case, and likely will not. The conclusion of the referee and his action so far taken is affirmed.