## Petition of SAFRAN et al.

### In re JAFFEE.

(Circuit Court of Appeals, First Circuit. November 7, 1921.)

#### No. 1512.

Bankruptcy ⬤➾120—Trustee not disqualified by distance of residence alone.

Where the person appointed trustee by a majority in number and amount of creditors was within the qualification of Bankruptcy Act, §§ 44–56 (Comp. St. §§ 9628–9640), referee was not authorized in disapproving the appointment on the sole ground that the person, though living within the district, lived at too great distance from the business of the bankrupt.

---

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

In the matter of Abraham Jaffee, bankrupt. Petition of Robert Safran and others to revise the action of the court on the referee's appointment of trustee. Decree of the District Court (272 Fed. 899) reversed, and cause remanded.

Mark M. Horblit, of Boston, Mass. (Jacob Wasserman and Horblit & Wasserman, all of Boston, Mass., on the brief), for petitioners.

William F. Barrington, of North Adams, Mass., for respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. This is a petition under section 24b of the Bankruptcy Act (Comp. St. § 9608) to revise in matter of law an order of the United States District Court for Massachusetts. It is brought by 18 creditors of Abraham Jaffee, of North Adams, in Berkshire county, in the district of Massachusetts, who was adjudicated a bankrupt in an involuntary proceeding in the District Court.

The case was referred to the referee in bankruptcy for Berkshire county. A meeting of the creditors, duly called for proving claims and appointing a trustee, was held March 17, 1921. The 18 petitioners proved their claims, aggregating $7,418.28, which were allowed, as were claims of 6 creditors that totaled $502.96. The claims having been allowed, the petitioners filed with the referee a written vote appointing Jacob Wasserman, of Boston, in the district of Massachusetts, trustee, and no other vote was then filed.

Although no objection was interposed to this appointment, the referee, without a hearing or affording an opportunity for the introduction of evidence as to the competency of the person thus appointed, disapproved the appointment, and then stated orally his reason for so doing, and later, in a written memorandum, as follows:

"This appointment by the creditors was disapproved by me, and the reason was stated to all parties present as being that I would not approve the appointment as trustee in this case of any person living as far from the bankrupt's place of business as in Boston. I had, and have, no opinion as to the suitableness of Jacob Wasserman, other than, in my opinion, no person is suitable who lives at a distance from the bankrupt's place of business as great as that between North Adams and Boston."

This appointment having been disapproved, thereafter the 6 creditors represented at the meeting, whose claims aggregated $502.96, filed a vote setting forth that they were the majority in number and amount of the claims of the creditors of the bankrupt whose claims had been allowed, and who were present at the meeting, and appointed William F. Barrington trustee. This appointment the referee approved, subject to the objection of the 18 petitioners and to the disapproval of their choice.

The petitioners then filed a petition for review by the District Court, and the referee certified the two votes above referred to, the memoran-

dum, and the petition for review. The District Court confirmed the order of the referee, which order is now sought to be revised.

It thus appears that Jacob Wasserman was the person appointed trustee by a majority in number and amount of the creditors, that he lives within the judicial district in which the bankruptcy proceedings are pending, that his competency was not questioned, and that the disapproval of the referee was for the sole reason that he lived in Boston, at a considerable distance from North Adams.

In section 55 of the Bankruptcy Law of 1898 (Comp. St. § 9639) provision is made for meetings of creditors, and in subdivision "c" of that section it says:

"The creditors shall at each meeting take such steps as may be pertinent and necessary for the promotion of the best interests of the estate and the enforcement of this act."

In section 56a (section 9640) that:

"Creditors shall pass upon matters submitted to them at their meetings by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present, except as herein otherwise provided."

In section 44a (section 9628) that:

"The creditors of a bankrupt estate shall, at their first meeting after the adjudication * * * appoint one trustee or three trustees of such estate. * * *"

In section 45a (section 9629) that:

"Trustees may be (1) individuals who are respectively competent to perform the duties of that office, and reside or have an office in the judicial district within which they are appointed. * * *"

As the person appointed by a majority in number and amount of the creditors lived within the judicial district of Massachusetts and no objection was made as to his competency, the question is presented whether good cause was shown for the disapproval from the fact that his residence within the district was at a distance from North Adams, the domicile of the bankrupt.

It is apparent that under sections 44 and 56 of the Bankruptcy Act the choice of a trustee is committed to the creditors, and that the exercise of that choice is to be had at their first meeting by a majority vote in number and amount of the claims of all creditors whose claims have been allowed and are present. And under section 45 and section 2, subdivision 17 (section 9586) their choice, so far, at least, as concerns the qualifications of the appointee, is to be approved, if he is competent to perform the duties and resides or has an office in the judicial district within which he is appointed.

The appointee's residence being within the district, he fulfilled the requirements of the statute in that respect, and the fact that he resided at Boston, rather than at North Adams, was not a disqualification, within the meaning of the statute, affecting his competency. To authorize a disapproval on grounds other than the appointee's failure to fulfill the qualifications specifically prescribed by section 45a, some failure on the part of the creditors to meet the requirements of the act leading up to the appointment (sections 44a, 56a) should appear, or

some action in the choice be shown to have taken place, the effect of which would be to contravene the purposes of the act and prevent it from being carried into effect, such as interference in the election by parties having interests hostile to the general creditors. In re Callahan, 242 Fed. 479, 155 C. C. A. 255; Bollman v. Tobin, 239 Fed. 469, 471, 152 C. C. A. 347. But in this case there is nothing in the record on which to base such a ground of disapproval.

We are therefore of the opinion that the referee should have approved the choice of the petitioners, and that the decree of the District Court, confirming the appointment of William F. Barrington, should be reversed.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs in this court to the petitioners.