## In re LEADER MERCANTILE CO.

## GRAHAM–BROWN SHOE CO. et al. v. HOL-LIDAY et al.

Circuit Court of Appeals, Fifth Circuit.
December 21, 1929.

Rehearing Denied January 30, 1930.

No. 5533.

Lee G. Carter and Elihu E. Berwald, both of Dallas, Tex. (Carter & Berwald, of Dallas, Tex., on the brief) for appellants.

Robert Allan Ritchie and Rosser J. Coke, both of Dallas, Tex. (Coke & Coke and Dabney, Goggans & Ritchie, all of Dallas, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from an order of the District Court affirming the action of the referee in disapproving the selection of Vernor Hall as trustee of the estate of the Leader Mercantile Company, bankrupt.

It appears that at the first meeting of creditors, held before the referee, Hall received a majority in number and amount of the votes of the creditors. The referee, for reasons he considered adequate and which we need not review, except to say that they refer to his activities in soliciting claims and do not reflect on his personal integrity, immediately stated that he would veto the selection of Hall, and took an adjournment to allow the creditors to consult as to the election of another trustee. Hall, who apparently controlled the claims of the creditors voting for him, declined to take any further part in the election, and, when the meeting was reconvened, some ten minutes later, J. J. Holliday was selected trustee by the creditors voting. His selection was approved by the referee, he gave bond, and as-

746

sumed the duties of trustee. It is not suggested that he was an improper person nor that his administration of the estate will be detrimental to any creditor. On review by the District Court, the action of the referee was approved.

The principal contention made on this appeal is that the Supreme Court was without authority to adopt General Order in Bankruptcy No. 13 (see 11 USCA § 53), which provides that the appointment of a trustee by the creditors shall be subject to be approved by the referee or by the judge.

Section 30 of the Bankruptcy Act (Title 11, § 53, USCA) provides: "All necessary rules, forms and orders as to procedure and for carrying the provisions of this title into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States."

So far as we are able to discover, the question as to the authority of the Supreme Court to adopt General Order No. 13 (see 11 USCA § 53) has not heretofore been raised, but in numerous cases the courts have acted on the assumption that the order is valid. In re McGill (C. C. A.) 106 F. 57; In re Kellar (C. C. A.) 192 F. 830; Kiser v. Ga. Cotton Oil Co. (C. C. A.) 208 F. 548; In re Merritt Const. Co. (C. C. A.) 219 F. 555; Wilson v. Cont. B. & L. Ass'n (C. C. A.) 232 F. 824; In re White (C. C. A.) 15 F.(2d) 371.

■ At their first meeting, which is usually presided over by the referee, the creditors of a bankrupt whose claims are allowed by the referee have the right to select the trustee by a vote of the majority in number and amount, provided he is a competent person. Bankruptcy Act §§ 44, 45, 55, 56 (11 USCA §§ 72, 73, 91, 92). There is nothing in the act making the selection of a trustee by the

creditors absolute at all events or giving them the right to select an incompetent person. "Competent" within the intent of the act has a very broad meaning, equivalent to qualified, and fulfilling all the requirements of the case. See Standard Dictionary, verbo, "Competent, Competency." The referee is vested with authority by the act to preside over the election of a trustee and to say what creditors have the right to vote. It would be useless for him to do so if he lacked the further authority to set aside a result inimical to the best interests of all the creditors and contrary to the general principles underlying the orderly administration of the bankruptcy law.

■ General Order No. 13 (see 11 USCA § 53) is in keeping with the intent of the Bankruptcy Act above outlined, and makes certain the authority of the referee and the judge, which might well be derived from the inherent jurisdiction of the court. It is certainly not in conflict with any provision of the act, and its adoption by the Supreme Court was within its authority.

■ While undoubtedly the policy of the courts is to permit the creditors to have the broadest latitude in the administration of the bankrupt's estate, nevertheless the courts are charged with the duty of supervision, and there is always the power in a court to intervene to prevent the selection of an incompetent person as trustee. Of course, this power is not to be used arbitrarily but only for good cause, in the exercise of sound judicial discretion.

On the record before us, we cannot say there was any abuse of discretion by the referee and the judge in disapproving the selection of Hall as trustee. Kiser v. Ga. Cotton Oil Co., supra.

Affirmed.