## In re AUSTIN RESORT & LAND CO.
### No. 6307.

District Court, N. D. California, N. D.
Oct. 21, 1935.

Jerome L. Schiller, of San Francisco, Cal., for petitioner.

A. B. Kreft, of San Francisco, Cal., for bankrupt.

ST. SURE, District Judge.

Four petitions seek to review two orders of the referee, viz., (1) the order made June 24, 1935, by which the referee rescinded, vacated, and set aside his order confirming the election of J. A. Ratchford, as trustee in bankruptcy, and (2) a later order made on the same day by which said referee appointed E. T. Williams as such trustee.

The facts are undisputed. On the 22d day of June, 1935, the first meeting of creditors was held before the referee. Three persons were nominated for the office of trustee: J. A. Ratchford, who claimed he was entitled to vote sixteen claims, aggregating $3,899.89; Walter Reichert, supported by the votes of four claims, aggregating $1,692.87; and F. H. Boggs, supported by the votes of four claims, aggregating $1,295.09. Among the claims which were voted by the nominee Ratchford was that of Rauer's Law & Collection Company, a corporation, in the sum of $2,040.64, voted by the attorney for the collection company, who stated to the referee that claimant would waive all security under said claim. The referee believing that the nominee Ratchford had the support of the majority of claims voted, both in number and amount, announced and confirmed his election as trustee, and fixed his bond at $10,000. The first meeting of creditors then adjourned and the persons interested left the court.

Thereafter, on the 24th day of June, 1935, the referee sent to the attorney for the collection company a telegram, reading, "Serra claim of Rauer's Collection Agency not permitted to vote for trustee." The collection company replied: "Undersigned waives right to security or preference by reason of abstract of judgment formal waiver follows." On the same day, the referee telephoned to Ratchford that he (referee) had withdrawn the claim of the collection company; that said claim could not be counted as being voted for Ratchford; that as a result no election of trustee had been had; and that he (referee) would forthwith appoint a trustee for the bankrupt estate. Forthwith the referee made the orders which are subject of review, the first rescinding, vacating, and setting aside the confirmation of the election of Ratchford as trustee, and the second appointing Williams as trustee.

On June 25th, Williams qualified as trustee of the bankrupt estate.

Thereafter, on the same day, the referee received an affidavit executed by O. M. Clark, as treasurer of the collection company, in which it is averred that said company caused an abstract of judgment to be filed in the recorder's office of the county of Lake, state of California, thereby creating a lien upon the real estate of the bankrupt, but that said collection company, on June 24, 1935, waived any and all right which it might have to a preference or to any security as the result of the recordation of said abstract of judgment. It was further averred that the collection company reaffirmed and ratified the waiver of the right to security or preference as made by its attorneys on June 22, 1935, and, in addition, averred that by reason of a prior deed of trust theretofore recorded in said recorder's office in the sum of $20,559.60, plus accrued interest and expenses in connec-

tion with said deed of trust, said collection company, in fact, did not obtain any security because the bankrupt was in default in its payments and, as affiant was informed and believed, the value of the property then was a great deal less than the amount of said deed of trust.

Ratchford proffered a bond in the sum of $10,000 and offered to qualify as trustee, but was informed by the referee of the appointment and qualification of Williams.

It is contended that the order appointing Williams trustee was erroneous for the reasons that Ratchford was, and is, the duly elected trustee of the bankrupt estate; that at the first meeting of creditors Ratchford received a majority in both number and amounts of claims present and voting; that at the first meeting of creditors Ratchford was declared by the referee to be the duly elected, appointed, and acting trustee of the bankrupt estate; that no opposition was filed to the voting of the claim of the collection company; that the security or preference, if any existed, in favor of the collection company had been waived at the hearing before the referee; that the referee, on June 22, 1935, at the first meeting of creditors passed upon and allowed the claim of the collection company for voting purposes; that the referee was without authority to reject the claim of the collection company for voting purposes after the adjournment of the first meeting of creditors; that said collection company had a right to waive any preference or security held by it; that the referee had no authority to refuse to allow Ratchford to qualify as trustee; that the election of Ratchford by the creditors was not disapproved by the referee previous to the appointment of Williams as trustee; that the order appointing Williams, as trustee, and allowing him to qualify was beyond the jurisdiction of the referee; that the referee should have called a meeting of creditors for the purpose of electing a trustee for the bankrupt estate.

Attached to the claim of the collection company as an exhibit was a certified copy of a judgment with the recorder's indorsement thereon showing that the same had been recorded in the official records of Lake county. When recorded, the judgment became a lien upon the bankrupt's real property which was listed in his schedules.

Section 56b of the Bankruptcy Act provides, "Creditors holding claims which are secured or have priority shall not, in respect to such claims, be entitled to vote at creditors' meetings, nor shall such claims be counted in computing either the number of creditors or the amount of their claims, unless the amounts of such claims exceed the value of such securities or priorities, and then only for such excess."

At the meeting of creditors, the attorney in fact of the collection company attempted to waive the security and priority, but such attempt was futile for the reason that under his power of attorney he lacked authority so to do. Powers of attorney, being formal instruments, are subject to strict interpretation. Johnston v. Wright, 6 Cal. 373. The authority of the attorney was limited to the powers specified. New York Life Ins. Co. v. Daley, 25 Cal. App. 376, 143 P. 1033. "His agency being special, he could not exceed it. 'The acts of a special agent do not bind the principal unless strictly within the authority conferred.' Rossiter v. Rossiter, 8 Wend. [N. Y.] 494 [24 Am. Dec. 62]." Davidson v. Dallas, 8 Cal. 227, 244.

The referee erred when he allowed the collection company's claim to be voted for the trustee, but he immediately corrected his error. It thus appears that there was no election of trustee because no one received a majority of votes in number and amount. Had the referee appreciated the true situation during the meeting, and had there been no request on the part of the creditors that they be given a further opportunity to vote for a trustee, the referee unquestionably could have appointed a trustee (title 11 USCA § 72) and no one could have been heard to complain.

Under the facts and circumstances disclosed by the record, the most that can be said against the acts of the referee is that they were improvident and irregular.

It is the law that before the entry of an order, a referee has the right to set it aside, if improvidently made. Fazakerly v. E. Kahn's Sons Co. (C. C. A.) 75 F.(2d) 110, 113: In re Dunaway (D. C.) 275 F. 591. He may do this upon his own motion [International Agr. Corporation v. Cary (C. C. A.) 240 F. 101, 104], particularly when the order relates to the allowance of a claim [In re Birmingham & Sons Co. (D. C.) 1 F.(2d) 511]. As said in International Agr. Corporation v. Cary, supra, 240 F. 101, at page 105, "There may or may not have been good reason for proceeding sua sponte, but the presence or ab-

sence of such reason is not fatal to jurisdiction. A court of bankruptcy is a court of equity (Bardes v. National Bank, 178 U. S. 524, 535, 20 S. Ct. 1000, 44 L. Ed. 1175); the proceedings therein are more summary than in ordinary suits (Whitney v. Dresser, supra [200 U. S. 532, 535, 26 S. Ct. 316, 50 L. Ed. 584]); and it cannot be that an equity court, acting under such summary practice, is powerless, in the interests of justice, on its own motion to take steps to correct what it believes to have been an erroneous action had upon insufficient knowledge."

There is nothing in the Bankruptcy Act making the selection of a trustee by the creditors absolute at all events. In re Leader Mercantile Co. (C. C. A.) 36 F.(2d) 745, 746. Proceedings in bankruptcy are flexible and liberal and in their major aspects administrative. Such proceedings are intended to be and usually are carried out informally. Fazakerly v. E. Kahn's Sons Co., supra, 75 F.(2d) 110, page 113. "The whole matter of appointing trustees is subject to the power and superintendence of the court. If the court ought to have summoned the creditors to elect a trustee, its failure to do so was a mere irregularity." Scofield v. United States (C. C. A.) 174 F. 1, 3.

Undoubtedly, it would have been better practice for the referee to have called another meeting of the creditors and given them an opportunity to appoint a trustee of their own selection. But it is the settled practice of this court not to disturb the acts of the referee "in administrative matters—of which the election of a trustee is a typical example—unless a plain and injurious error of law or abuse of discretion is shown." In re Rosenfeld-Goldman Co. (D. C.) 228 F. 921, 923. No such error of law or abuse of discretion has been shown.

The fundamental purpose of the Bankruptcy Act "is to reduce the assets to cash as speedily as practicable for equitable distribution to the creditors." West Texas Const. Co. v. Nelson (C. C. A.) 77 F.(2d) 754, 755. The trustee appointed by the referee has long since qualified and entered upon the discharge of his duties. To grant the prayers of petitioners would subserve no useful purpose, but would cause confusion, delay, and probably loss in the administration of the estate.

Nothing has arisen subsequent to the appointment and qualification of Williams

as trustee which would warrant his removal. Furthermore, "Proceedings for the removal of the trustee must be carried on pursuant to the Bankruptcy Act and the general orders adopted by the Supreme Court and the forms (52, 53, 54) for complaint by a creditor or creditors. Woodman on Trustees in Bankruptcy, § 554." In re Judith Gap Commercial Co. (C. C. A.) 5 F.(2d) 307, 308. See, also, In re Judith Gap Commercial Co. (C. C. A.) 298 F. 89; State of Alabama v. Montevallo Mining Co. (D. C.) 278 F. 989.

The orders of the referee will be approved and confirmed.