## In re EDWARDS.

### No. 38069–M.

District Court, S. D. California,
Central Division.

May 4, 1942.

See also 73 F.Supp. 310.

Dudley R. Furse, of Hollywood, Cal., and Harry Ashton, of Los Angeles, Cal., for bankrupt.

Loeb & Loeb, of Los Angeles, Cal., for petitioner Joseph M. Collins, a creditor.

McCORMICK, District Judge.

This is a review of an order of the referee which overruled objections interposed by one creditor to the bankrupt's discharge; denied the petition of the objecting creditor to exclude from the discharge obligations of bankrupt to such creditor, and which conditionally granted the bankrupt's discharge in bankruptcy.

Upon consideration of the referee's certificate on review and the entire record of this proceeding, together with the arguments and memoranda of respective counsel, the findings of fact, conclusions of law and order of the referee dated November 24, 1941, are and each is confirmed, and such findings of fact and conclusions of law of the referee in bankruptcy are hereby adopted and made the findings of fact and conclusions of law of this court.

Petitioner on review contends that the refusal of the bankrupt to make certain payments which he had voluntarily agreed to make under an arrangement proceeding pursuant to Section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202, being Number 29855–H now pending in this court, was, in effect, a refusal to obey a lawful order of this court, and that his attitude in that matter operates to bar bankrupt's discharge herein under Section 14, sub. c.(6) of the

Bankruptcy Act, Title 11 U.S.C.A. § 32, sub. c(6).

However, from the evidence presented, the referee determined that the prior proceeding was not by way of composition but was, in effect, a voluntary offer or compromise by the bankrupt debtor to pay his creditors in the future portions of his salary as provided in the plan of arrangement.

The court upon consideration of the record should not disturb those findings of the referee. The referee held that the earlier proceedings, to-wit, 73 F.Supp. 310, were in the nature of a mere voluntary offer to the debtor's creditors with a consequent approval by this court and that such order does not fall within the meaning of said Section 14, sub. c(6).

Counsel for the objecting creditor relies upon In re Lesser, 2 Cir., 234 F. 65, and In re Gophrener, D.C., 20 F.Supp. 922, as authority that a discharge in bankruptcy should now be refused the bankrupt herein. In my opinion, these cases are inapplicable to this review. Both cited cases relate to objections to a discharge under provisions of the Bankruptcy Act other than Section 14, sub. c(6). The last named section of the Act refers to a situation wherein the bankrupt has refused to obey some personal order, such as an order for his appearance, etc., in a proceeding upon which the court in its discretion may withhold or refuse a discharge in bankruptcy until said order has been complied with by the debtor.

Petitioner further contends that since the debtor in the course of his prior proceeding under Section 74 earned sums in excess of $13,000, which sums he neglected to turn over to the custodian in said earlier arrangement proceedings, the bankrupt's application for discharge should now be denied.

Apparently petitioner relies upon the provisions of the Act which are as follows: "The court shall grant the discharge unless satisfied that the bankrupt * * * has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities." Very little independent testimony was introduced before the referee upon this objection. Counsel for the objecting creditor merely referred to hearings which were had in the prior arrangement proceeding. There has been no reporter's transcript of the present proceeding submitted. Under the record, we think the findings of the referee are conclusive in review unless they appear manifestly erroneous on the face of the report or files transmitted by the referee with his certificate on review. See In re Burntside Lodge, D.C., 7 F.Supp. 785, 26 A.B.R.,N.S., 59; In re Trottier, D.C., 32 F.2d 1010; In re Jaffee, D.C., 272 F. 899. As the referee concluded that there was not sufficient evidence before him satisfying him that the bankrupt had violated Section 14, sub. c(7), the decision of the referee herein should not be disturbed.

Petitioner's third specification is brought under Section 14, sub. c(5), which substantially states that the referee shall grant the discharge unless satisfied that the bankrupt "has within six years prior to bankruptcy been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this act."

The referee found, and we think properly, that the debtor's prior proceedings were in the nature of an extension and not an arrangement by way of composition such as to discharge the creditor's obligations. Therefore Section 14, sub. c(5) has no application in the present proceeding.

Petitioner has also filed an alternative petition, praying that in the event his objections to discharge were overruled that his claim herein for the amount of $5120.11, together with his unliquidated claim now pending in the earlier Section 74 proceedings be excepted from the effect of any discharge. We think, however, that the objecting creditor herein should not receive any more or further consideration than other creditors in the same arrangement proceedings and, therefore, that the alternative petition should be denied. This was apparently the view of the referee, as shown by the record before us, and we concur in his decision and confirm it in toto. An exception is noted in favor of the petitioner on review.